UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHAWN DONELL JONES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-02224 |
| § | |
| JOHN DOE, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Shawn Donell Jones, an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"), filed suit under 42 U.S.C. § 1983. He alleged that the defendants exhibited deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Defendants Jamie Williams and Augustina Iheanacho, and the plaintiff, have filed motions for summary judgment. For the following reasons, the defendants' motion is granted and Jones's motion is denied.

### I.   Background

On December 8, 2020, Jones was a passenger on a prison bus when the bus was involved in an accident with another vehicle. Exh. A to Defendants' Motion for Summary Judgment at 0062. The bus suffered no damage and proceeded to the Byrd Unit in Huntsville, Texas. *Id.*

Upon arrival at the Byrd Unit, medical personnel screened the passengers. Exh. B at 0700. Jones complained of neck and back pain and medical personnel had him transferred to Huntsville Memorial Hospital ("HMH"), *id.* at 0700-0701, where he was diagnosed with a right trapezius muscle strain and right lumbar back strain, *id.* at 1266. HMH recommended that Jones follow up

with a University of Texas Medical Branch ("UTMB") orthopedic surgeon within a few days after returning to his unit. *Id.* HMH did not take x-rays or perform any neurological examination.

Jones arrived at the Wynne Unit the next morning. Exh. A at 0167. Upon arrival, unit medical personnel conducted a Hospital/ER Discharge Assessment. *Id.* As a result of the assessment, a nurse scheduled Jones for a visit with Dr. Robin Rothrock and ordered x-rays of Jones's lumbar and cervical spine. *Id.* at 0167-68. Dr. Rothrock saw Jones several hours later. The x-rays showed no major issues and ruled out muscle strain from the accident. *Id.* at 0903-04, 1136. Based on these results, Dr. Rothrock did not schedule Jones for any additional follow up or refer him to an orthopedic specialist. *Id.* at 904. She gave Jones a prescription for ibuprofen. Exh. B at 905.

Jones sues UTMB Practice Manager Jamie Williams and Nurse Augustina Iheanacho, as well as two John Does who Jones identifies as the driver of the bus and the driver of the vehicle that struck the bus. The two John Doe defendants have not been served.

## II.    The Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

### III.  Analysis

Jones sues UTMB Senior Practice Manager Jamie Williams and Nurse Augustina Iheanacho, along with the unidentified driver of the TDCJ bus, for deliberate indifference to his serious medical needs. He also sues the unidentified driver of the vehicle that collided with the bus for causing the accident.

#### A. Deliberate Indifference

The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Thus, an Eighth Amendment violation may occur where "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.* To rise to the level of a constitutional violation, however, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, but "something less than acts or omissions for the very

purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

1. **Defendant Williams**

Defendant Jamie Williams is a Senior Practice Manager for UTMB. This is an administrative position; Williams is not a medical provider. Exh. C at 1935. Jones filed a grievance complaining that he had not seen an orthopedic surgeon, and Williams responded, noting that Jones received a follow-up and that the doctor did not recommend referral to a surgeon. Exh. A at 0121-22.

Jones's claim against Williams essentially comes down to an argument that Williams – who is not a medical provider – was deliberately indifferent by not overruling the conclusions of a medical doctor that referral to an orthopedic surgeon was not needed. Setting aside questions as to whether Williams even had the authority to do so, her deference to the medical conclusion of a medical doctor is not refusal to treat Jones, ignoring his complaints, or any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Williams is entitled to summary judgment.

## 2. **Defendant Iheanacho**

On May 11, 2021, Jones came to the Wynne Unit clinic complaining of back pain. Defendant Augustine Iheanacho, a Nurse Practitioner, saw Jones. Exh. B at 0885. She evaluated Jones and reviewed his medical chart and x-rays from December 2020, and informed Jones that the x-ray results did not justify referral to an orthopedic surgeon. *Id.* at 0886-87. She prescribed medication for Jones's back pain and had no further contact with him. *Id.*

The record shows that Nurse Iheanacho did not refuse to treat Jones or ignore his symptoms. Rather, she reviewed his x-rays and made a medical judgment that pain medication, rather than referral to a surgeon, was the appropriate course of treatment. Jones's claim against Nurse Iheanacho is based on his disagreement with the treatment she provided. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013)(internal quotation marks and citations omitted). Jones does not show that exceptional circumstances are present, and Iheanacho is entitled to summary judgment.

## 3. **John Doe Bus Driver**

The bus driver has not been identified or served, but this Court can review the claims against him. Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint fails to state a valid claim for relief, the court must dismiss the complaint.

Jones contends that the bus driver was deliberately indifferent because he drove on to the Byrd Unit after the accident without immediately rendering aid to injured prisoners. Jones does

not identify any injury requiring immediate aid, nor does he explain what aid the bus driver, who is not a medical professional, could have rendered while also trying to safely transport a number of prisoners. Jones's amended complaint fails to state a claim for relief against the bus driver.

### B. The Other John Doe Driver

Jones also asserts a claim against the driver of the vehicle that struck the prison bus. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was *committed by a person acting under color of state law.*" *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (emphasis in original). Jones alleges no facts indicating that the other driver was anything other than a private citizen or that he was in any way acting under color of state law. Jones therefore fails to state a claim against the other driver under § 1983, though he may have a claim under state law.

Because, for the reasons stated above, the plaintiffs' federal claims are dismissed and the parties are not diverse, the remaining issue is whether this Court should exercise jurisdiction over Jones's state-law claim against the other driver. The general rule in the Fifth Circuit is to "dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992); *Pearson v. Shriners Hosp. for Children*, ___ F. Supp.3d ___, 2024 WL 3022397 (S.D. Tex. June 7, 2024). Therefore, this Court declines to exercise supplemental jurisdiction over Jones's state law claim, and this claim is dismissed without prejudice.

### IV. Conclusion

For the foregoing reasons, it is ORDERED as follows:

1. The motion for summary judgment by defendants Jamie Williams and Augustina

Iheanacho (Doc. # 62) is GRANTED and all claims against Williams and Iheanacho are DISMISSED WITH PREJUDICE;

2. The plaintiff's motion for summary judgment (Doc. # 64) is DENIED;

3. The plaintiff's claims against defendant John Doe Bus Driver are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A;

4. The plaintiff's claims against John Doe other driver are DISMISSED WITHOUT PREJUDICE; and

5. All other pending motions are DENIED AS MOOT.

It is so ORDERED.

SIGNED on September 5, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge